**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Mitchell David Holbach,            ) | |
| ) | |
| Plaintiff,    ) | |
| ) | **ORDER ADOPTING REPORT AND** |
| vs.                        ) | **RECOMMENDATION** |
| ) | |
| Dr. Richard Jenkins,            ) | |
| ) | Case No. 4:09-cv-026 |
| Defendant.    ) | |

_____

On May 22, 2009, the plaintiff, Mitchell Holbach, filed a PLRA packet and an application to proceed in forma pauperis. See Docket Nos. 1 and 2. On June 1, 2009, Holbach filed a pro se complaint pursuant to 42 U.S.C. § 1983. See Docket No. 7. Holbach's action is indirectly related to state court convictions for stalking. Holbach alleges,

> On March 3, 2006, Dr. Richard Jenkins, Director of Student Affairs for Minot State University issued a notice of no trespass prohibiting the plaintiff from entering onto Minot State University property.
>
> As grounds, defendant declared plaintiff had violated a no-contact order prohibiting plaintiff of being within 300 feet of a Joy Dixon.
>
> Plaintiff had not violated any no contact order.
>
> Defendant violated plaintiffs right to due process of law and the presumption of innocence. Defendant violated plaintiffs right to equality of law.

See Docket No. 7 (errors in original).

Magistrate Judge Charles S. Miller, Jr. conducted a review of the record and relevant case law and submitted a Report and Recommendation on July 15, 2009. See Docket No. 8. Judge Miller found that Holbach's complaint is devoid of any cognizable constitutional claim against Dr. Jenkins. Judge Miller recommended that Holbach's complaint be dismissed without prejudice.

Holbach was given ten (10) days to file an objection to the Report and Recommendation. Holbach filed objections on July 28, 2009. <u>See</u> Docket Nos. 9 and 10.

Holbach contends that he had a constitutional right to be on the Minot State University campus on January 17, 2006, the day that the original stalking charge was filed, and that he has frequented the Minot State University campus for years to attend public activities and the university library:

> Mitchell David Holbach was born in the City of Minot North Dakota. He has been a life long resident. He attended campus school, which was located on the campus of Minot State University from 1970 through 1978. The campus laboratory school was located in the former Minot Model High School, now known as Model Hall
>
> Plaintiff attended Bishop Ryan High School which is immediately adjacent and next to Minot State University from 1978 to 1982. He is a graduate of the Minot Public School System.
>
> Plaintiff is also a graduate of the North Dakota State College of Science in Wahpeton ND, and of the North Dakota University System. A university system alumnus.
>
> Plaintiff attended Minot State University from 1999 to 2002.
>
> Plaintiff has participated and attended in public activities at Minot State University over the entirety of his life. He regularily attended sporting events, including North Dakota high school activities association events.
>
> Minot State University Library is a federal repository library, plaintiff frequented. Minot State University is a public institution with an open campus. Its current advertising slogan/motto is "Be seen – Be heard."
>
> Plaintiff has student loans outstanding. The student loan office is at Minot State University and is a fiduciary for interstate commerce.
>
> Plaintiff was enrolled and attending at Minot State University on January 17, 2006, the day the original stalking charge was filed. He had registered for classes in November 2005, per MSU early enrollment registration. At the initial appearence hearing plaintiff attempted to bring this to the attention of Judge Holte on the record but was cut off by the court and prosecutor. A recording or transcript would reveal

>   this attempt by plaintiff to object to the condition of bail/bond – "the 300 feet," or "the usual" as the court and prosecution agreed.
>
>   Plaintiff attempted to attain assistance of counsel Richard Thomas concerning the matter of this condition of bail/bond but was dismissed and yelled at by Richard Thomas upon the first meeting with counsel.  Plaintiff requested counsels assistance to address the unreasonable, arbitrary and capricious order of the courts "usual" restrain provisions.  Plaintiff complained to court of attorney Richard Thomas' failure
>
>   . . .
>
>   Plaintiff has a constitutionally proteted interest in having access to the campus of Minot State University, the courts determination is erroneous.
>
>   The state and prosecution are conspiring to deny plaintiff constitutional protections.

See Docket No. 10 (errors in original).

The Court has carefully reviewed the Report and Recommendation, relevant case law, Holbach's objections, and the entire record and finds the Report and Recommendation to be persuasive.  Holbach's objections did not raise a cognizable federal constitutional claim, and the Court finds that no constitutional right existed.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 8) in its entirety and **DISMISSES WITHOUT PREJUDICE** Holbach's complaint (Docket No. 7).

   **IT IS SO ORDERED.**

Dated this 30th day of July, 2009.

                    */s/  Daniel L. Hovland*                           
                    Daniel L. Hovland, Chief Judge
                    United States District Court